## No. 10893.

### SUCCESSION OF ROSA VIDAL.

1. In a proceeding, in a succession under administration by a testamentary executor, by an heir to annul the will and the probate thereof and to be recognized as sole legal heir and as such to be put in possession of the succession, questions of title to specific property are foreign to the issue, and should not be engrafted on such a proceeding. The heir when recognized takes the rights of the succession as they are; no more no less.

2. Under the law of Louisiana a testament is a *solemn act* dependent for existence upon compliance with the forms prescribed by law.

3. The Code requires that a testament by public nuncupative act shall be received by the notary, dictated by the testator, written down by notary and read to the testator, *all* in the presence of the witnesses, and that *express* mention must be made in the will itself that all the foregoing requirements have been complied with.

4. Where such a will only recites that the will was read in the presence of the witnesses and does not declare that it was dictated and written down in their presence, the omission is fatal.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Merrick & Merrick* for Plaintiff and Appellee:

1. The supposed nuncupative will by public act in controversy is void because there is not therein "any express mention that the will was received," by the notary, "or was dictated by the testator or written by the notary, in the presence of the witnesses." C. C., Art. 1578. These defects are fatal under Art. 1595, as has been expressly held in a case entirely parallel. Duval vs. Palms, 20 An. 203; Weick vs. Heine, 41 An. 1155; Succession of Vollmer, 40 An. 597, and numerous cases therein cited. The case of the succession of Wilkins, 21 An. 115, cited approvingly in the opinion of this court in the Vollmer case, declares the very form adopted in the present case to be void. See also Miller vs. Shumaker, 42 An. 400; Succession of Sparks, 12 Rob. 38 and 39; Graves vs. Graves, 10 An. 212; Christine, tutor, vs. Verbois, 11 An. 108.

2. The uncle of the deceased is nearer of kin by one degree than the cousins (he being in the fourth degree and they in the fifth), and he is entitled to the inheritance to their exclusion. R. C. C. 914 [910].

3. A party who files a petition in court, claiming to be the nearest of kin and sole heir of the deceased person, Rosa Vidal, and also her universal legatee under a will which he sets up as valid, and who has obtained a decree on such allegations probating the will and appointing him executor, and who has caused an inventory to be taken and has filed a petition for the homologation of the inventory by public act which he signed, and has obtained a decree homologating the inventory, and who has to a petition filed therein by another party denying his heirship and alleging the illegality of the supposed will filed a general denial, which contains a negative pregnant in these words, viz.: defendant "pleads and avers a general denial to each and every of the allegations in the petition of Antonio Bilbenny, plaintiff herein, except as hereinafter

admitted. Further answering respondent avers that he is the owner in possession of the property referred to, in good faith, by just title and by right of law, and that the plaintiff herein has no right of action in the premises, all of which he is ready to verify by proceedings at law in this Honorable Court, as well as by fact;" concluding with a prayer for judgment quieting him in title. and possession of his property will not put at issue any other title than that claimed through Rosa Vidal as heir and legatee by the defendant in this case and denied by the plaintiff in his petition, and the defendant can not be permitted to attempt to prove under the pleadings that the effects inventoried by him at his instance did not belong to the estate as shown by him in his formal proceedings in the Vidal succession of which this suit is an incident, but belonged to him personally in virtue of some other pretended claim antagonistic to his title as heir at law and universal legatee of Rosa Vidal affirmed by his general denial. Walker vs. Walker, 37 An. 107; Citizen's Bank vs. Munroe, 37 An. 857; Gradley vs. Conner, 4 An. 416. Allegations that "plaintiff had not complied with his contract is only a legal conclusion." 47 Fed. Rep., p. 43 No. 3; Rooks vs. Williams, 13 An. 374; Pargoud vs. Guice, 6 L. R. 77, bottom of page; Fortier vs. Zimple, 6 An. 55, last paragraph of page; Graydon vs. Justus, 24 An. 222; Cornell vs. Hill, 30 An. 251, No. 2 syllabus. "What a party does not allege he can not prove." Giraudel vs. Mendeburne, 3 N. S. 509; Dumartrait vs. Deblanc, 5 N. S. 38 and 39; Ponsonby vs. Devaillon, 6 N. S. 243; Benoit vs. Hebert, 1 L. R. 214; Dixon vs. Emerson, 9 L. R. 107; Compton vs. Compton, 9 An. 499; Lyons vs. Jackson, 4 Rob. 265; Wells vs. Dezier, 9 An. 119; Cohn & Bruen vs. Levy, 14 An. 355; Schneider vs. Letchford & Co., 21 An. 271; Paul Levyson & Co. vs Ward, 24 An. 158, 159; Drew vs. Attakapas Mail Trans. Co., 26 An. 306; Perkins vs. Potts, 8 An. 14 and 15; Dorsey vs. Hills, 4 An. 107; Pipes vs. Garrett, 1 Rob. 19; Rawitzki vs. L. & N. R. R. Co., 40 An. 47, 51.

4. The defendant is also estopped by his acts. They can not be controverted by him except possibly under specially alleged circumstances supported by affidavits. Any other rule would render all legal proceedings and titles insecure. R. C. C., Art. 1106 [1098], 1108 [1101], No. 1; Webster, guardian, vs. Smith, 6 An. 710; Succession of McCloskey, 29 An. 406, 407; Board of Liquidators of Hart & Hebert vs. Huguet, 33 An. 362; Boatner vs. Scott, 1 Rob. 551, 552; Verret vs. Belanger, 6 An. 109; Gaudet vs. Gauthreaux, 40 An. 186. See authorities cited Compton vs. Sanford, 30 An. 838; Lippmins vs. McCrane, 30 An. 1251; Alexander vs. Bourdeer & Bellesein, 43 An. 322; Marsh vs. Smith, 6 Rob. 518.

*W. S. Benedict* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. After the death of Rosa Vidal, one Francisco Bilbenny, her cousin, presented to the court a notarial document, purporting to be the testament of deceased by public nuncupative act, by which he was constituted her universal legatee, and alleging that he was also her heir-at-law, prayed that the will be probated and

ordered for execution; that an inventory be taken, and that he be appointed and qualified as testamentary executor.

The will was accordingly probated; Francisco Bilbenny was appointed and qualified as executor, and an inventory was taken, exhibiting, as the only property of the succession, certain real estate therein fully described and valued at $3000.

No further proceedings had been taken, when one Antonio Bilbenny, a resident of Barcelona, Spain, appeared and filed a petition, in which he averred that he was the legitimate uncle of deceased and her nearest of kin and sole legal heir; that the will, which had been probated, was null and void; that the succession owed no debts, and that, as sole heir, he accepts the same, purely and simply; that the succession property consists of the real estate which had been described in the inventory, together with the fixtures and stock in trade of the business therein conducted; that he was entitled to the recovery and possession of all said property, and he prayed for judgment annulling the will and the probate thereof, and recognizing him as sole heir of deceased, and, as such, entitled to recover and be put in possession of all her estate, real and personal, and that Francisco Bilbenny, "so-called testamentary executor," be cited and be decreed to deliver the real and personal property belonging to the succession, and to account for the same and for the rents and revenues thereof.

Francisco Bilbenny answered, pleading, first, the general denial, and further averring "that he is the owner in possession of the property referred to in good faith and by just title and by right of law, * * all of which he is ready to verify by proceedings at law in this honorable court, as well as by fact."

In the course of the trial under these issues, the defendant sought to introduce certain evidence tending to show an independent title to the property not derived from the succession, to which the counsel for plaintiff objected on the ground (substantially) that Francisco Bilbenny was estopped from claiming adverse title to property which the inventory, taken and homologated at his own instance, declared to be property of the succession.

The judge *a quo* ruled out the testimony, but on grounds different from that stated in plaintiff's objection, viz.: "that the only question before the court here is as to heirship *vel non*, and not as to

ownership of property, * * and no evidence is admissible here as to ownership of any specific piece of property claimed to belong to the succession of Rosa Vidal.''

To this ruling the counsel for both sides excepted.

Counsel for Antonio claims that, by his answer, Francisco had put at issue the title to the specific property, and had propounded a title in himself, resting on nothing but his denial of Antonio's allegations, and that his title must stand or fall by the decision of the issues as to the nullity of the will and heirship.

Counsel for Francisco contends that he has set up an adverse title generally, based on law and fact, and had the right to establish such title by all appropriate evidence.

The judge concluded, as we think rightly, that this is an action by an heir to annul a will and the probate thereof, and to be recognized as sole heir of deceased, and as such to be put in possession of her estate and authorized to recover the same. Such is the obvious purport of the petition of plaintiff, as indicated by the prayer thereof, which we have epitomized above, and which, as we have often held, determines the character of the action.

The obscure and vague assertion of adverse ownership contained in Francisco's answer can not be permitted to engraft upon such an action the features of a petitory action involving title to specific property, which features are entirely foreign to the relief sought.

An heir when recognized and put in possession succeeds to the rights of the *de cujus*, whatever they may be, and must assert those rights against adverse claimants by independent proceeding after the decree recognizing his heirship and putting him in possession We do not indicate what further proceedings may be proper in this particular case, by reason of Francisco's relation as executor; and still less do we determine the soundness of the estoppel set up in the objection to evidence.

This brings us to the consideration of the vital questions involved in the case.

I

*As to the nullity of the testament.*

The instrument, which is intended as a will by public nuncupative act, is in the following words (omitting the dispositions) :

'' Be it known, that on this 20th day of March, 1888, I, R. H. Downing, a notary public in and for the parish and State aforesaid,

did repair to the house of Miss Rosa Vidal, inhabitant of the said parish of Orleans and State of Louisiana, where at her request and dictation the following instrument was written by me, the said notary, and declared by the said Miss Rosa Vidal to be her last will and testament.

\* \* \* \* \* \* \* \*

" In faith whereof said Rosa Vidal has signed or affixed her mark, she hereby declaring to me, notary, that being unable to sign the foregoing instrument, owing to the fact that she was and has been for some time suffering from paralysis, she has hereto affixed her mark in presence of Messrs. Jacinto Bunol, P. Barrere and Louis Macardhy, witnesses of lawful age, residing in this parish, and me, said notary, after having read the same in a loud and audible voice in the presence of the said witnesses and the testator, and without turning aside to other acts, this 20th day of March, 1888."

A comparison of this instrument with the one recited at length in the decision in the case of the succession of Wilkin, 21 An. 115, will exhibit a complete identity in every feature having the slightest bearing on the question. In that case the will was pronounced void, because it contained no " express mention " that the will was " received," " dictated by the testator " and "written by the notary as dictated " in the presence of the witnesses.

A like conclusion was reached in two other undistinguishable cases: Christene vs. Verbois, 11 An. 108; Devoll vs. Palms, 20 An. 203.

In presence of such perfect precedents, it is needless to cite others announcing similar principles in cases only analogous.

*Stare decisis* would sufficiently support a similar ruling in this case, even if the principle were doubtful, but we consider it, beyond question, sound. Testaments, like donations *inter vivos*, belong, under our law, to the class of *solemn acts*, that is acts that depend for their existence upon compliance with the forms prescribed by law.

Our Code requires that the will by public nuncupative act shall be received by the notary, dictated by the testator, written down by the notary, and read to the testator, *all* in presence of the witnesses; and that " express mention " must be made in the will itself that the foregoing requirements have been complied with. No proof of the most scrupulous fulfilment of every formality would suffice without this " express mention." No particular form of

words is required, but they must be such as *expressly* declare, in substance, that the foregoing requirements were fulfilled. Implication can not be resorted to unless, at least, it be an implication necessarily involved in the meaning of the express words used.

In this case, it is apparent that there is no " express mention," that the dictation and writing down of the will took place in the presence of the witnesses. The only thing which the instrument mentions as having been done in the presence of the witnesses is the reading of the will. It does not follow, by any necessary implication from the statement, that the will was " read in the presence of the witnesses," that, therefore, it had been dictated and written down in their presence. Those acts succeed each other in point of time, and it might well be that the witnesses who were absent when the will was dictated and written, might have been introduced in time to hear it read.

The judge rightly annulled the will and the probate thereof.

II.

The sufficiency of the proof of the sole heirship of Antonio Bilbenny is not questioned and does not admit of question.

The judgment of the court conforms, substantially, to the prayer of Antonio's petition, and is not subject to any complaint, because it reserves the right to all parties to contest the ownership of specific property in appropriate form of action. This reservation conforms to the ruling made on the evidence which we have already approved. It passes on nothing and reserves nothing beyond what would have been reserved by law without mention.

Judgment affirmed.