## Graham, et al. v. Edwards, et al.

(Decided February 16, 1915.)

### Appeal from Green Circuit Court.

Wills—Requisites and Validity—Form and Contents of Instrument—When Signed "At the End."—Kentucky Statutes 468 requires a will to be signed at the end or close thereof. Held a substantial compliance, where a will was written on a sheet of legal-cap paper, and there not being room at the bottom of the sheet for the testator's signature, he wrote his name on the ruled line which runs from the top to the bottom of the paper near the left margin, the name being written thereon beginning at the bottom. There was a small space above his name as written, that is, between his name and the extreme left margin of the sheet, but this was not so unreasonable a blank space as to render the signature insufficient.

NOGGLE & GRAHAM for appellants.

JEFF HENRY, BOYCE H. SKAGGS and W. H. JONES for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

J. H. Graham died a resident of Green County in 1913. Soon after his death there was found by the appraisers of his estate among his effects a paper which, under the condition of this record, will have to be treated as a holographic will. The original writing is before us, and it stands admitted that the whole thereof is in the handwriting of the testator. It is written upon a single sheet of legal-cap paper, and on one side of the sheet. The testator began near the top of the sheet, and when he reached the end of the last line thereon, he had written the entire will with the exception of his signature. There being no remaining space at the bottom of the sheet where the lines for writing are ruled, the name appears signed on the vertical marginal line which on the sheet in question is a little over an inch from the left-hand margin of the paper. The signature begins at the bottom of the sheet and extends toward the top approximately one-half the length of the sheet. Because of the position of the signature, the county and circuit courts refused to admit the will to probate; and the only question involved upon this appeal is the sufficiency of this method and form of signature to the will.

The writing is somewhat crude in form, but it is complete in every detail; and to make it complete required all the available space on the horizontal lines on the right of the vertical marginal line. There is no space left on the last or lower horizontal line, the closing sentence consuming the whole of said line and making complete sense. Had there been sufficient space on the right-hand side of the sheet to have placed the signature there in a vertical position, and had the signature been so placed, there would have been little or no grounds for appellee's contention as to the insufficiency of the signature; but there was no space there.

Had the signature been written with the top of the letters thereof next to the vertical marginal line, instead of being written as it was, with the bottom of the letters of the signatures resting on the marginal line, there would have been less ground for appellee's contention than now exists. The space left above the signature, that is, between the left-hand margin of the sheet and the signature, is more troublesome.

Section 4828, Kentucky Statutes, requires that a will shall be subscribed by the testator; and Section 468 Kentucky Statutes, provides that when the law requires

a writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of such writing.

The primary purpose of these statutory provisions is, of course, the prevention of the interpolation of matter between the end or close of the writing and the signature thereto by unauthorized persons; and that purpose may be more easily fulfilled in the case of holographic writings than of non-holographic writings.

"In Soward v. Soward, 1 Duv., 126, it was held that under the statute the subscription (to a will) was insufficient if there was any unnecessary and unreasonable blank space between the conclusion of the will and the signature of the testator or the names of the witnesses." (Ward v. Putnam, 119 Ky., 889, 85 S. W., 179, 27 R., 367.)

In the case of the will here under consideration there is a small space between the extreme left-hand edge of the sheet and the signature of the testator resting upon the ruled marginal line, approximately equivalent to the space which would have intervened between the top of the sheet and the signature had the testator, instead of signing as he did, turned the sheet over and signed on the second line nearest that end of the sheet at which the writing on the other side of the sheet came to an end.

We have been able to find but one case where a will was signed identically as the one here under consideration. In Collins' Goods, Ir. L. R. 3 Eq., 241, the testator placed his signature transversely along the left-hand margin of the sheet of paper upon which the will was written, there not being room at the bottom of the sheet for his signature. The will was held valid as a substantial compliance with the Act of 15 Vict. Chap. 24, a statute somewhat similar to ours.

The will here under consideration being holographic, and being complete in form, the peculiar position of the signature strengthens rather than weakens the theory that nothing has been added; and we do not think the space intervening above the signature should be declared to be so unnecessary or unreasonable as to invalidate the instrument.

2. There still remains, however, the question whether the will was signed at the end thereof within the meaning of the statute.

As to what constitutes the end of a writing there is a dearth of authority in this State; but in the Estate of

Seaman, 146 Cal., 455, 80 Pac., 700, 106 A. S. R., 53, 2 Ann. Cas., 730, it was said:

"The requirement that the name shall be subscribed at the end of the will is not satisfied by having that name written at any place after the termination of the written matter irrespective of the relation which such place bears to the concluding portion of the will. This provision does not, however, of necessity require that it shall be in immediate juxtaposition with the concluding words of the instrument, but that it shall be so near thereto as to afford a reasonable inference that the testator thereby intended to indicate an authentication of the instrument as a completed expression of his testamentary purposes. It must appear upon the face of the instrument not only that he intended to place it at the end of his testamentary provisions, but that he has in fact placed it in such proximity thereto as to constitute a substantial compliance with this requirement of the statute."

This seems to us to be a reasonable rule, and in the case of the will here involved we think the signature is sufficiently near to the concluding words of the instrument as to afford a reasonable inference that the testator intended to indicate an authentication of the instrument as a completed expression of his testamentary purposes. The face of the instrument shows that the signature was intended to be placed at the end of the testamentary provisions, and it is in such proximity to the end of the instrument as to constitute a substantial compliance with the requirement of the statute.

The judgment is, therefore, reversed.