(68 South. 415)

No. 21028.

In re POLAND'S ESTATE.

(April 12, 1915. Rehearing Denied May 10, 1915.)

*(Syllabus by Editorial Staff.)*

WILLS ⬤133—OLOGRAPHIC WILLS — SIGNATURE.

Where testatrix left an unsigned olographic will inclosed in an envelope bearing the superscription, "The Will of Ellen E. Poland," such superscription did not constitute a valid signature to the will, although in the handwriting of testatrix, since a will must be signed at the end thereof.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 342–344; Dec. Dig. ⬤133.]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by Belle Haw Guilbeau and others against B. S. Haw and others to set aside the probate of the will of Ellen E. Poland. From a judgment for plaintiffs, defendants appeal. Affirmed.

Dudley L. Guilbeau, of Opelousas, for appellant B. S. Haw. E. B. Dubuisson, of Opelousas, for appellees Mrs. Belle Haw Guilbeau and others.

PROVOSTY, J. Among the effects of the decedent was found a sealed envelope bearing the following superscription:

"The Will of Ellen E. Poland
"Morrow, La."

On being opened, this envelope was found to contain one sheet of note paper, on one side of which there was written, in the handwriting of the decedent, the following:

"Morrow, St. Landry, La., May 26, 1906.

"The Will of Ellen E. Poland I made this my will and testament to my nephew B. S. Haw I leave all my interest in the place now owned by him and myself in partnership to my sister A. A. Vannoy I leave two hundred dollars my house and lots at Morrow I wish sold and money divided between by niece Nellie Haw Smith Maud and Willie Haw I appoint B. S. Haw and J. C. Vannoy my executors"

This document was subsequently presented to the court for, and by it admitted to, probate.

Shortly thereafter some of the legal heirs of the decedent brought the present suit to annul the said will and the order admitting it to probate. The ground of nullity urged is that the will is not signed by the decedent.

The contention of the defendants is that the superscription on the envelope, which is in the handwriting of the decedent, is in legal effect a signature when taken in connection with the recitals of the document and with all the surrounding circumstances, which go to show unmistakably that the document was intended by decedent to be her will; that a will need not be written wholly on one piece of paper, nor be in any particular form, so long as there is legal certainty of the document being a will and signed, citing 40 Cyc. 1093–1097, and Sheehan v. Kearney, 82 Miss. 688, 21 South. 41, 35 L. R. A. 102.

We cannot adopt that view. In the matter of last wills and testaments form is sacramental. In Succession of Vidal, 44 La. Ann. 41, 45, 10 South. 414, it is said that wills are "solemn acts; that is, acts that depend for their existence upon compliance with the forms prescribed by law." And in Succession of Robertson, 49 La. Ann. 868, 21 South. 586, 62 Am. St. Rep. 672, where an olographic will, perfect in all other respects, was annulled because the date was, in part, printed instead of being wholly written by the testator, the court said:

"We have cited these 'motives' or grounds in support of the raison d'etre of the law, but

without these 'motives' or grounds, it is enough to justify the decree declaring the will null that a substantial condition to its validity is lacking.   In Lewis' Heirs v. Executor, 5 La. 396, this court said: 'The law, in its anxiety to guard against the testator being circumvented or practiced on, will not permit a testament to have any effect, no matter how strong the moral evidence may be that it contains truly his last disposition of his property.   The formality (our Code says) must be observed, otherwise the testaments are null and void. * * * Courts of justice, therefore, can do nothing else but inquire, when a case of this kind arises, whether the formalities have been pursued.' "

An essential form for a will of the kind in question in this suit is that it be signed by the testator; and the mere writing of the name of the testator as part of, or in connection with, the instrument, but at some other place than where a signature usually is and ought to be, is not in form a signature, and therefore does not satisfy the sacramental requirement of the law.   It leaves open the question whether the name thus written was intended to be the signature. True, the circumstances may, and in the present case do, leave little room for doubt on that point; and if form were not sacramental, the decision might not hang long in doubt; but no matter how little room there may be for doubt, if the form is not present, the will is null.

In the present case we should say that the name of the decedent, written at the beginning of the alleged will, is even more closely connected with the body of the will than is the superscription of the envelope; and yet the name of the decedent so appearing has been held not to answer for a signature, even though coupled with an express declaration (Suc. of Armant, 43 La. Ann. 310, 9 South. 50, 26 Am. St. Rep. 183), and the defendants in this case do not contend that the name appearing in the body of the will in the case at bar can stand for a signature. In this Armant Case the court said:

"We were at first much impressed with the clear proof made that the deceased intended this paper to be her testament.   But there is no more doubt that she intended the invalid nuncupative codicil to be her testament.   Yet, as the latter was attested by women who are incompetent testamentary witnesses, no one claims its validity.   And so if the olographic will is not signed as required by law, her intentions cannot save it.

"The question is not whether she intended this paper to be her will, but whether it is a will clothed with the forms of law.   An olographic, like every other, testament is a solemn act.   It matters not how clearly it conveys the last wishes of the decedent; if it is not clothed with the forms prescribed, it is null."

Speaking of the signature to an olographic testament, Baudry-Lacantinerie et Colin, des donations entre vifs et des testaments' (2d Ed.) No. 1964, say:

"The signature of the testator may be considered as the sealing of the testament, which, up to the performance of that formality remains but a simple project.   It is the signature alone which attests that the testament was really written and dated by the hand of the testator.   The signature is an essential formality to constitute an olographic testament, and it would be impossible to conceive of any one demanding the execution of last wishes written and dated, but not signed, by their author."

And again, in No. 1977, the same authors say:

"Since the signature of the testator is designed to be an attestation of his approval of the dispositions of last will which he has just written, it naturally follows that it should be placed at the end of the testament.

"That is what Pothier had already noted: 'The signature,' said he, 'should be placed at the end of the act, because it is by it that the act is complemented and perfected.' "

In Fuzier-Herman, Code Civil Annoté, art. 970, No. 149, it is said:

"No fact, however probative in itself, could supply the defect resulting from the absence of a signature to the testamentary act itself.   Thus a testament which is not signed is null, though it be inclosed in an envelope on which the date of the testament and the signature of the testator are superscribed and affixed" (citing Demolombe, t. 21, n. 101; Aubry et Rau, t. 7, p. 104, § 668).

Judgment affirmed.