O’NIELL, C. J.
The question in this case is whether a' certain postscript added to an olographic will, naming two executors of the will, is valid. The postscript was neither dated nor signed. It was therefore adjudged invalid; and the two men named as executors have appealed.
The will itself is in proper form and is not contested. It begins with the statement of the place and date, “New Orleans, May 9, 1922,” and ends with the statement, “I make this my last will and testament, dated, signed and sealed by me.” The signature is on the next line below, after which, the testatrix skipped two lines, and, beginning on the third line, on the same sheet of paper, wrote the postscript, viz.:
“I appoint Lewis P. Eaves and William Aitkin my executors without seizen or bond, they to be placed in immediate possession of my property. I have perfect confidence in both and feel they will do all things right.”
The name of Eaves or Aitkin does not appear in the will itself. It contains several dispositions of special or particular legacies, and directs that the remaining property of the testatrix shall be sold. There is no appointment or naming of an executor, in the will itself, but there is this reference to executors, showing that the testatrix intended to appoint two of them, viz.:
“The balance of the money to be divided between my two executors. I have no heirs, all having publicly disowned me. My large diamond earrings I leave and bequeath one to each of my executors, to be converted into studs.”
*268 Opinion.
If the postscript appointing Eaves and Aitkin executors of the will is a valid codicil, they are thereby made legatees, not only for the diamond earrings, hut also for the residuum of Mrs. Dyer’s estate. For that reason, the postscript is a “disposition mortis causa,” .within the meaning of article 1570 of the Civil Code, and must conform with the requirements for a valid testament. It is also well settled that a will or codicil, or clause, merely appointing a testamentary executor is a disposition mortis causa, and must conform to the requirements for a valid testament. See Fink v. Fink, 12 La. Ann. 320; Miller v. Miller, 32 La. Ann. 437; and Succession of Serres, 135 La. 1005, 66 South. 342, overruling Succession of Dupuy, 4 La. Ann. 570, and overruling Succession of Walker, 32 La. Ann. 321.
Article 1570 of the Civil Code is directly in point, viz.:
“No disposition mortis causa shall henceforth be made otherwise than by last will or testament. Every other form is abrogated.
“But the name given to the act of last will is of no importance, and dispositions may be made by testament under this title or under that of institution of heir, of legacy, codicil, donation mortis causa, or under any other name indicating the last will, provided that the act be clothed with the forms required for the validity of a testament, and the clauses it contains, or the manner in which it is made, clearly establish that it is a disposition of last will.
“Thus an act of last will, by which an individual disposes of his property or of part thereof, in any manner whatsoever, whether he has instituted an heir or only named legatees, whether he has or has not charged any one with the execution of his last will, is considered as a testament, if it be, in other respects, clothed with the formalities required by law.”
The only matter of form prescribed for an olographic will is that “it must be entirely written, dated and signed by the hand of the testator.” Rev. Civ. Code, art. 1588.
It is conceded, of course, that a date and signature, in the handwriting of the testator, are essential to the validity of an olographic testament. The theory of counsel for the appellants in this case is that the postscript has the date and signature of the will itself. It is said that the writing of the postscript was only a continuation of the writing of the testament itself, and that the postscript is therefore a part of the testament, which is dated and signed.
In support of the argument that the postscript should be regarded as bearing the date of the will itself, counsel for appellants cite Lagrave v. Merle, Executor, 5 La. Ann. 278, 52 Am. Dec. 582. In that case the postscript was signed by the testator but was not dated. If the testatrix in this ease had signed the postscript, the ruling in the case cited would be exactly in point, and would warrant our declaring the appointment of the executors in this case a valid appointment. But we do not find any authority or reason for the proposition that an unsigned postscript added to an olographic testament should be regarded as bearing the date and signature of the testament. On the contrary, in the succession of Armant, 43 La. Ann. 310, 9 South. 50, 26. Am. St. Rep. 183, and again in Poland’s Estate, 137 La. 219, 68 South. 415, it was held that an instrument purporting to he an olographic testament, written and dated by the testator, was invalid because the signature was not written at the end of the document, or so as to indicate that the name as written was intended to be a signature to the will.
Counsel for appellant refer us to the opinions of the French commentators maintaining, according to the jurisprudence which they cite, that a postscript added after the signature to an olographic will is valid without a special date or signature, if the postscript was written at the same time when the will itself was written. They also maintain that an undated and unsigned postscript written at a date subsequent to the date when the will itself was written is *270 valid, if it does not contain a new testamentary disposition, but merely explains or interprets or completes a disposition made in the will itself, but is invalid if it does contain an additional legacy or a new testamentary disposition. See Fuzier-Herman, Repertoire du Droit Francais, vol. 35, p. 671, No. 562-567; Dalloz, Nouveau Code Civil, vol. 2, p. 589, No. 611-613; Laurent, Principes de Droit Francais, vol. 13, p. 249; Baudry-Lacantinerie, Donations Entre Vifs et des Testaments, vol. 2, p. 43, No. 1911-1914; Planoil, Droit Civil, vol. 3, p. 660; Marcade, Cours Elementaire de Droit Civil Francais, vol. 4, p. 12. This court has not adopted the opinioh of the French commentators in that respect. On the contrary, the date and the signature, in the handwriting of the testator, are matters of form, without which there can be no valid olographic testament, no matter how certain it may be that the instrument was written by the testator, and that it was written on a certain or known date. Fuentes v. Gaines, 25 La. Ann. 85, 107; Heffner v. Heffner, 48 La. Ann. 1088, 20 South. 281; Succession of Robertson, 49 La. Ann. 868, 21 South. 586, 62 Am. St. Rep. 672; Succession of Baird, 145 La. 756, 82 South. 881, 6 A. L. R. 1452.
Counsel for appellants make the alternative argument that, even though the postscript, naming the two executors, is not a part of the will itself, it should serve to identify the individuals referred to in the will — in the clauses bequeathing the balance of the testatrix’s money and her diamond earrings to her two executors. In support of the argument, counsel for appellants invoke article 1715 of the Civil Code, viz.:
“When, from the terms made use of by the testator, his intention cannot be ascertained, recourse must be had to all circumstances which may ^id in the discovery of his intention.”
The article quoted applies only to a will that is valid,in form. Inasmuch as form is essential to the validity of a testament, an omission in that respect cannot be supplied by a showing that the testator’s intention was to observe the forms prescribe^ by law. If the testatrix in this case had actually appointed two executors, and had merely left a doubt as to the identity of the persons appointed, in the will itself, the postscript might serve to remove the doubt, according to article 1715 of the Code. But there was no appointment of executors in this will. There was a plain indication — in fact two plain statements — that the testatrix intended to appoint two executors, but the fact is that she did not appoint them until she wrote the codicil or postscript, anh then she omitted two matters of form required for a valid appointment. Reason as we may, that is the ease in a-nutshell. “The balance of the money” and the “large diamond earrings” were not bequeathed to two individuals, leaving their identity in doubt. All that the testatrix did, with regard to the balance of her money and her diamond earrings, in the body of her will, was to say that they should go to whomsoever she might thereafter appoint as the two executors of her will. If she had not written the postscript or codicil, undertaking to appoint two executors of her will, it could not possibly be argued now that any two individuals were appointed executors in the will itself. In fact, the postscript or codicil, in which the testatrix undertook to. appoint two executors, is the proof itself that she construed the clauses in her will, saying that the balance of her money should be divided between her two executors, and thát her diamond earrings were also bequeathed to them, not as an appointment of executors, but as leaving the appointment to be made thereafter.
Counsel for appellants, in their argument, suggest and suppose that the testatrix, immediately after writing and signing her will, read it and observed that she had-neglected *272 to name the executors whom she had intended to appoint, and then immediately wrote the postscript, naming the executors. That is not improbable, but it is not more probable than that the supposed discovery was made, and the postscript written, at a later date. And it is as likely that the idea or intention of the testatrix, in withholding her signature when she wrote the postscript or codicil, was that she was not yet determined to appoint Messrs. Eaves and Aitkin executors of her will, as that she intended that the signature which she had already affixed to the will itself should serve also as a signature to the postscript or codicil. But why should we try to guess whether the testatrix wrote the postscript on the date on which she wrote the will itself, or whether her reason for not signing the postscript was that she thought her signature to the will itself would suffice, or whether her reason was that she was not yet ready or determined to appoint Messrs. Eaves and Aitkin executors of her will? The fact that the document in which they are named as executors is neither dated nor signed makes it invalid as an olographic testament, or testamentary disposition.
. The judgment is affirmed at appellant’s cost.
Rehearing refused by Division B, composed of DAWKINS, LAND, and DEOHE, JJ.