**(127 So. 386)**

#### Succession of FITZHUGH.

No. 30028.

March 5, 1930.

A. D. Danziger and P. H. Stern, both of New Orleans, for appellant.

Porteus R. Burke, of New Iberia, for appellees.

OVERTON, J.

Mrs. Mary Fitzhugh Smith wrote on one side of a single sheet of paper certain testamentary dispositions, and dated them, but did not affix her signature to the dispositions. She then inclosed the sheet in an envelope, sealed it, and wrote on the envelope the following superscription, to wit: "My last will. Mary Fitzhugh Smith. April 23rd, 1926. New Iberia." The name of the testatrix is written immediately below the words, "my last will," and the date is written below the signature.

The question presented is whether this is a valid will. If valid, it is only so as an olographic will.

Article 1588 of the Civil Code reads that "The olographic Testament is that which is written by the testator himself. In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State."

"Testaments, like donations inter vivos, belong, under our law, to the class of solemn acts; that is, acts that depend for their existence upon compliance with the forms prescribed by law." Succession of Vidal, 44 La. Ann. 41, 45, 10 So. 414, 416; Civil Code, art. 1570. As observed by the trial judge, in a carefully written opinion, the question in such cases as the present, is not whether the testatrix merely intended the document here presented, as her last will and testament, to be such, but whether it is a will clothed with the forms of law, and written in such manner as to clearly establish that it is a disposition of last will. It matters not how clearly it conveys the last wishes of the decedent, if it is not clothed with the forms prescribed, it is null. Succession of Dyer, 155 La. 265, 99 So. 214; Succession of Armant, 43 La. Ann. 310, 9 So. 50, 26 Am. St. Rep. 183.

It is urged that the signature on the envelope, under the inscription, "my last will," was intended to be, and is, the signature of the testatrix to the will, as much so as if it had been written at the close of the testamentary dispositions on the same sheet on which they were written. We do not see our way clear to adopt this view.

In Succession of Armant, 43 La. Ann. 310, 9 So. 50, 26 Am. St. Rep. 183, to quote from the syllabus, which correctly states what was decided, it was held that "An olographic testa-

mentary writing containing the caption, 'Testament d'Aglae Armant,' [Testament of Aglae Armant], but without signature at the end or following the testamentary dispositions, does not import such a signature as is required under the historical and rational interpretation of article 1588 of our Code." In that case, as a reading of the decision will disclose, the court, after discussing the French authorities, adopted the view that the signature ought to be at the end of the testamentary dispositions, which is its logical and usual place, not only in wills, but in all other solemn acts.

In the case, entitled In re Poland's Estate, 137 La. 219, 68 So. 415, the testatrix left inclosed in an envelope, as here, testamentary dispositions, which were not signed by her, but the sealed envelope bore the superscription of the testatrix, reading as follows: "The will of Ellen E. Poland, Morrow, La." The contention was made in that case that this inscription was, in legal effect, a signature. In disposing of this contention the court said: "An essential form for a will of the kind in question in this suit [an olographic will], is that it be signed by the testator; and the mere writing of the name of the testator as part of, or in connection with, the instrument, but at some other place than where a signature usually is and ought to be, is not in form a signature, and therefore does not satisfy the sacramental requirement of the law."

While there is a difference between the superscription in the case cited and the one in the present case, yet we quote from the former to show where the signature should be affixed. The court, in that case, makes its view clear as to where the signature should be placed by its quotations from the French authorities. Thus, quoting from Baudry, La cantinerie et Colin, Des Donations Entre Vifs Et Des Testaments (2d Ed.) No. 1977, the court said: "Since the signature of the testator is designed to be an attestation of his approval of the dispositions of last will which he has just written, it naturally follows that it should be placed at the end of the testament. That is what Pothier had already noted: "The signature," said he, "should be placed at the end of the act, because it is by it that the act is complemented and perfected." '" In the same case, quoting from Fuzier-Herman, Code Civil Annoté, Art. 970, No. 149, the court said: " 'No fact, however probative in itself, could supply the defect resulting from the absence of a signature to the testamentary act itself. Thus a testament which is not signed is null, though it be inclosed in an envelope on which the date of the testament and the signature of the testator are superscribed and affixed' (citing Demolombe, t. 21, n. 101; Aubry et Rau, t. 7, p. 104, § 668)."

We think that these authorities establish that the olographic will should be signed by the testator at the end of the will, and that they exclude the theory that it suffices for the testator to inclose the unsigned testamentary dispositions in an envelope, seal it, and place his signature on the envelope, under the inscription, "my last will."

The law has provided certain formalities to be adhered to by testators, in writing their wills, for their own protection, and for the protection of their legal heirs. The purpose in requiring the testator to sign his testamentary dispositions is to make certain that they constitute his last will. It may be, as thought by the district judge, that the testatrix, in this instance, intended the document, inclosed in the envelope, to be her completed will, and that she thought, though mistakenly, that it was unnecessary for her to sign the instrument itself. On the other hand, as suggested by a somewhat similar case, that of the Suc-

cession of Dyer, 155 La. 265, 99 So. 214, it is not beyond the bounds of reason that the testatrix, after writing down the testamentary dispositions and dating them, was undecided as to whether to complete the dispositions by affixing her signature at the end of them, and therefore placed them in an envelope, sealed the envelope for security, and placed the superscription thereon for her own convenience, so as to identify the envelope readily, intending, if she later concluded that the dispositions met with her wishes, to do the ordinary, usual, and naturally suggestive act of signing them at their close, so as to show what was written above was her last will, just as she would in completing any other solemn document. There would be no justification in our lessening the degree of certainty which the law requires of the testator in disposing of his estate, by holding that when the law says that the will must be signed by the testator, it suffices for him to sign on the envelope, containing the testatmentary dispositions, although this is not the customary, logical, and historic place for him to affix his signature to a solemn act.

It is also urged that the superscription, appearing on the envelope, is a republication of the will, giving it full force and effect as of the date placed on the envelope. We are not prepared so to hold. All that the superscription indicates is that the envelope contains the velope is opened, all that is found is certain unsigned, and therefore incomplete, testamentary dispositions, which, after all is said, it is possible she died without concluding to complete by affixing her signature.

The lower court, at the instance of some of the legal heirs, denied the application of one of the testamentary heirs to probate the will. The judgment is correct.

For these reasons, the judgment is affirmed.