## Bennett et al. v. Bennett's Ex'x et al.

November 12, 1946.

Rehearing denied January 17, 1947.

Percy Shumate for appellants.

Ellis E. Blake, Ben F. Washer and Allen P. Cubbage for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an appeal from a judgment holding an instrument in writing to be the last will and testament of M. J. Bennett, deceased. The paper is completely in the handwriting of Mr. Bennett and bears the signatures of two of his friends as witnesses. Mr. Bennett died in 1943. A few days thereafter Mrs. Bennett opened his safe and found a sealed envelope bearing this notation: "M. J. Bennett's last will, Made Signed and Sealed this the ————." Mrs. Bennett took the envelope to her banker and he advised her to take it to a lawyer. This she did and when it was opened the paper in question was found. It was probated, and upon appeal to the circuit court by the appellants in this action the jury found in favor of the will.

The appellants make two vigorous attacks upon the instrument: (1) The propounders, the appellees, did not meet the burden of proof and therefore a directed verdict should have gone in favor of the contestants; and (2) no holographic will in Kentucky can be legally executed by pasting the signature to the body of an instrument assuming to dispose of an estate.

The appellants contend that the will on its face shows that Mr. Bennett made two wills; one in January, 1931, and another subsequent to 1934, and that the signature on the former will had been cut off and pasted at the bottom of the latter one. In support of this contention they refer to the last words on the full sheet of paper and the first words on the piece pasted beneath it which show that a connected sentence is not made. The words are: "I make this my last will the foregoing instrument in our present * * * declared it to be his last will and as witnesses was signed in our presence, this the 31st day Jan. 1931." They refer also to wording under the pasted overlap which would indicate that it was a part of a will which Mr. Bennett had written. The reason for arguing that the body of the will in question was written after 1934 instead of 1931, the date appearing before Mr. Bennett's signature, is because the married name of one of the beneficiaries who married in 1934 was given. This is not disputed.

The appellees contend that the will was made either in 1936 or 1937, and that the writing of 1931 was done inadvertently. They cite authorities in support of the contention that oral evidence may be introduced in contradiction to a written date in a will. See Flood v. Pragoff, 79 Ky. 607, 3 Ky. Law Rep. 372. Mr. and Mrs. Willie Pipes, who were friends of Mr. Bennett, testified that they witnessed the will in either 1936 or 1937, Mrs. Pipes saying that Mr. Bennett signed the instrument in her presence. When asked whether the two pieces of paper were pasted together at the time they witnessed the will they said the paper was folded in such a manner that they could not say they were. Both testified that the will was in Mr. Bennett's handwriting and that the signature was genuine. Mr. Pipes said Mr. Bennett read a few lines of the will to him and that the wording at the top of the instrument in question appeared to be the same.

Mr. Bennett was a successful business man and there is evidence to the effect that on several occasions he said he was going to dispose of his property as was done in the will. The instrument is quite a rational one. He left all of his property to his wife for life and then directed that the major portion of it go to three orphan children whom the Bennetts had raised. They had no

children of their own. Only Mr. and Mrs. Bennett knew the combination to the safe where the will was found. Mr. Bennett had told his wife he was going to make provision for her and also where the will was located. Mrs. Bennett never saw the will and there is not the slightest suspicion of any fraud in the case.

The court submitted the case to the jury under the following instructions:

"No. 1. If you believe from the evidence in this case that at the time of the execution of the written instrument in question the two pieces of paper on which it appears were pasted together before being signed by M. J. Bennett and the two Pipes witnesses, and that what is written on the two pieces of paper so pasted together (if they were so pasted together at said time) was written by said M. J. Bennett at the same time as a complete written instrument and as and for his last Will and testament and so signed at the bottom by him as if written on one piece of paper, then you should find the same (being the instrument in controversy herein and dated January 31, 1931) to be the last will and testament of M. J. Bennett. But unless you so believe from the evidence you should find same not to be the last will and testament of M. J. Bennett."

"No. 2. If you believe from the evidence that the bottom piece of paper pasted to the upper part of said instrument was taken from another will which had been at some other time signed by M. J. Bennett and the Pipes Witnesses, and pasted on to this instrument now in question, then you should find it not to be the last will of M. J. Bennett."

The appellants vigorously contend that the propounders failed to produce evidence to warrant the jury's finding under the foregoing instructions, the principal argument being that the purported will shows on its face that a part of a former will was attached to a later will. The will was shown to the members of the jury. They were fully apprised of the circumstances surrounding its safekeeping, and had also the testimony of Mr. and Mrs. Pipes to the effect that it was witnessed by them in 1936 or 1937, Mrs. Pipes saying positively that it was signed in her presence. We conclude, therefore, that the jury was warranted in making the finding

it did. Certainly there was more than a scintilla of evidence to support its finding.

It must not be overlooked that wills are not to be lightly set aside. Very rarely are two holographic wills prepared in the same manner, and courts are frequently called upon to determine whether a writing of such nature can be construed as a will. And again, not infrequently, are they confronted with the question of whether or not a signature has been placed properly, or whether there has been an alteration. Here we have a clear and unambiguous will, aside from the words quoted above, which makes full disposition of an estate in a rational manner and, admittedly, in the handwriting of the testator. Furthermore, it must not be overlooked that the quoted words did not affect any material part of the will.

In support of the second proposition the appellants cite the English case of Bell v. Fothergill, L. Rep. 2, P & D 148, which was written in 1870. In that case a will was found after a man's death where he kept his other papers. The signature had been cut out and then pasted to the writing. The English court held an instrument testamentary in character could not be legally executed in that manner and it was not allowed to be probated. Whether that ruling is right or wrong, we do not feel called upon to say since we believe the jury was warranted in making the finding it did under the instructions given by the trial court. We may say in passing, however, that we have some considerable doubt as to whether the court did not place too great a burden upon the appellees in view of the facts and circumstances presented in this case. We fully appreciate the arguments advanced by the appellants as to the strict measures which must be followed in order to avoid the perpetration of frauds in relation to wills. While we do not feel called upon to rule specifically upon the question here, we doubt very much whether we would be disposed to say that the instrument before us is not the last will of Mr. Bennett, even if it had been shown that he had cut his signature from a former will and pasted it to a subsequent one, because it appears where it is supposed to be, namely, at the footing of the instrument.

It follows from what has been said that we think the judgment should be and it is affirmed.