Anna Fink Baird MILLER'S EXECUTOR, Eugene E. Pendergrass, et al., Appellants,

v.

Amelia F. SHANNON et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1957.

J. W. Jones, Henri L. Mangeot, Louisville, for appellants.

Alfred C. Krieger, Louisville, for appellees.

SIMS, Judge.

The question for decision is whether or not the signature of testatrix appears at the end or close of a writing purporting to be her holographic will, as required by KRS 394.040, 446.060. The paper was probated without any contest in the Jefferson County Court, but on appeal to the Jefferson Circuit Court the trial judge in a well considered opinion held the paper was not duly executed, hence not the will of testatrix. This appeal followed.

The record shows no contrariety in the facts and a photostatic copy of the will, as well as of the envelope in which it was found, are in the record. Testatrix, Mrs. Anna Fink Baird Miller, a widow, seems to have lived alone in an apartment in Louisville. Soon after her death on August 11, 1952, Mr. Eugene Pendergrass and some of decedent's other friends, while looking through her apartment found a sealed envelope in her desk upon which was written in her hand:

"My last Will & Testament
        "Anna Fink Baird Miller

| "Please notify | | | |
|---|---|---|---|
| "Residence— | { | Eugene E. Pendergrass | Office Ky. Home |
| Buechel, Ky. | { | | Bldg. |
| "High—5908 W." | { | My Executor | Jack – 0017 |

When the seal was broken there was found inside the envelope eleven sheets of paper fastened together with metal paper clips whereon Mrs. Miller, entirely in her own handwriting, had attempted in minute detail to dispose of specific items of property from her estate of about $6,000. She even arranged for her funeral and burial. But she never signed the paper purporting to be her will. Near the bottom of page 11 of the will appears:

"This is Sep—Tuesday 14, 1948", which is written at the right side of the page clear to the margin. Below, on the left margin appears:

"Witnesses
Carol J. Graves
Nancy A. Graves"

Under the words "This is Sep—Tuesday 14, 1948" is a space 5½ inches long and 1½ inches wide at the left, sloping down to 1⅛ inches at the right margin. Had Mrs. Miller desired, there was sufficient room near the bottom of sheet 11 for her to have written "My last Will and Testament", then to have subscribed her full signature above the word "Witnesses", and still there would have been room enough for her to have written her instructions: "Please notify Eugene E. Pendergrass, my executor. Office, Ky. Home Bldg., Jack 0017. Res. Buechel, Ky. High 5908 W."

As Mrs. Miller had sufficient room at the bottom of page 11 of her will to have signed the instrument, we conclude, as did the trial judge, she must have thought the instrument was complete when she sealed it in the envelope she signed, and that her signature to the will was not necessary. The fact that she erred from a legal standpoint regarding the due execution of the will does not make the envelope in which she sealed her will the last page of that instrument.

It is not disputed that all which is contained on the 11 sheets is in the handwriting of Mrs. Miller, except the word "Witnesses" and the signatures of the witnesses. Also, what is written on the envelope is in the handwriting of testatrix.

Excellent and exhaustive briefs have been filed on both sides. It is insisted by appellants: 1. The record shows a clear intention upon the part of Mrs. Miller that the paper was her will; 2. that it expressed all which she wanted to be authenticated as her will and there was no opportunity for anything to be added to the paper which she did not wish to so authenticate; 3. the statutes covering the execution of wills should not be so strictly construed as to prevent a layman from writing a will; 4. the envelope upon which she signed her name was in fact the last page of her will and should be so treated by the court.

It is urged by appellees: 1. The right to make a will is purely statutory and there has been no substantial compliance with the provisions of the statutes; 2. the intention of Mrs. Miller to make this paper her will is not the controlling thing, but whether she substantially complied with the statutes, regardless of her intention, governs whether or not the paper is her will; 3. the envelope rather than being the last page of the will was but a direction as to where the paper might be found and whom to notify in case of her death.

We are in accord with appellants that the record shows beyond doubt Mrs. Miller intended to and thought she was disposing of her estate by this paper as her will. Furthermore, we agree with them there was but little, if any, opportunity for any person to have added anything to the paper, since it was put in the envelope and sealed. Certainly nothing was added to it. Also, we agree with appellants the statutes should not be so strictly construed that a substantial compliance therewith will prevent the paper from being probated. Thus, we narrow the issues to: 1. Whether or not there was a substantial compliance with the statutes; 2. whether the envelope from a legal standpoint can be considered as the last page of the will.

It is elementary that the power to dispose of one's property by will and the manner in which a will may be executed are statutory. It must be conceded the question before us is purely of a technical nature, yet we must remember that the whole subject of the execution and authentication of a will is purely technical. However, these technicalities are those which the Legislature has the right to impose and has imposed upon the makers of wills.

The three statutes which apply to this case are KRS 394.040, 446.060 and 446.080. For the convenience of the reader we set out the first in full as it is short, and we give the applicable parts of KRS 446.060 and 446.080:

394.040. "No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of testator."

446.060. "(1) When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing."

446.080. "(1) All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature * * *. All words and phrases shall be construed according to the common and approved usage of language * * *."

This will being holographic, all that was necessary under KRS 394.040 was for Mrs. Miller to sign it. However, under KRS 446.060, it shall not be deemed to have been signed by her "unless the signature is subscribed at the end or close of the writing." Evidently, Mrs. Miller thought her holographic will had to be attested by two witnesses and she did not know the law required her to sign at the end or close of the will.

As early as 1863 this court under statutes practically the same as our present KRS 394.040 and 446.060 said in Soward v. Soward, 1 Duv. 126, 62 Ky. 126, that the testator must sign his will "at the foot or end thereof." In that opinion it was further written that a substantial rather than a literal compliance with the statute is sufficient, and as to what would constitute an unreasonable blank space between the conclusion of the will and the subscribing by the testator or witnesses, must depend upon the peculiar facts in each case. The Soward opinion held that where Soward signed at the end of the instrument but one-half of the back sheet of the will, written on ordinary cap paper, was blank with the entire sheet folded in letter form, then sealed with wax and presented to the witnesses who signed on the outside of the sealed paper, there was not substantial compliance with the statute that the witnesses must sign at the end of the paper. In a great number of cases since 1863 this court has consistently followed the Soward opinion and has never deviated from it.

We do not want to take time and space necessary to state the facts and to analyze several cases wherein this court has upheld wills which the testators signed in unusual places "at the end or close of the writing." We are content to merely cite these authorities. If the reader be interested, he may turn to them and see that these opinions bear mute evidence of the fact this court does not lightly set aside a will and it gives a liberal construction to KRS 446.060, providing that a signature must be "at the end or close of the writing." The cases to which we refer are Graham v. Edward, 162 Ky. 771, 173 S.W. 127; Lucas v. Brown, 187 Ky. 502, 219 S.W. 796; Cole v. Webb, 220 Ky. 817, 295, S.W. 1035; Bennett v. Bennett's Ex'r, 303 Ky. 565, 193 S.W. 301; Prichard v. Kitchen, Ky., 242 S.W.2d 988; Hays v. Marschall, 243 Ky. 392, 48 S.W.2d 540.

Then too, we have liberally construed KRS 446.060 in upholding deeds and notes which were irregularly signed by construing the signatures as being affixed at the end or close of the instrument. See Gentry's Guardian v. Gentry, 219 Ky. 569, 293 S.W. 1094, and Zimmerman v. Segal, 288 Ky. 33, 155 S.W.2d 20.

However, by no stretch of the imagination can these authorities be construed as holding a signing by testator of a sealed envelope containing her unsigned will complies with the statute. We have been cited to no case in this jurisdiction so holding, nor has our research disclosed one.

Counsel in briefs say they were able to find only three reported cases in the United States in which unsigned wills were found in sealed envelopes upon which signatures of testators appeared, and in each instance probation of the will was denied. Those cases are Warwick v. Warwick, 86 Va. 596, 10 S.E. 843, 6 L.R.A. 775; In re Manchester's Estate, 174 Cal. 417, 163 P. 358, L.R.A.1917D, 629; Succession of Fitzhugh, 170 La. 122, 127 So. 386. The reason given in each opinion for refusing the probate of the will is that testator by affixing his signature on the envelope containing the will, did not comply with the statute of the state requiring the will itself to be signed by testator.

Appellants attempt to distinguish the three cases just mentioned from the instant one on the difference between our statutes and those of Virginia, California and Louisiana. The pertinent parts of the statutes of these foreign states read:

Virginia—"No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature * * *." Code Va. 1887, § 2514.

California—"A [h]olographic will is one that is entirely written, dated and signed by the hand of the testator himself." West's Ann.Cal.Prob.Code, § 53.

Louisiana—"The olographic testament is that which is written by the testator himself. In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State." LSA—C.C. art. 1588.

It will be noticed all that is required by the Virginia, California and Louisiana statutes is for the testator to sign the paper, while our statute, KRS 446.060, requires testator to sign at the "end or close of the writing." So it would seem our statute is much more strict than any of the three just mentioned.

The facts in the Warwick case are quite similar to those before us. Warwick's unsigned will was found in a sealed envelope upon which was written in his hand " 'My Will. Abraham Warwick, Jr.' " [86 Va. 596, 10 S.E. 844] In denying probate the Supreme Court of Virginia said, "The endorsement on the envelope is not a signing of the will * * *. It was obviously not a signature of the will at all, and the result of all the authorities is that the finality of intention evinced by the signing must appear from the will itself."

An unsigned holographic will in the case of In re Manchester's Estate, 174 Cal. 417, 163 P. 358, 359, was placed in a sealed envelope by the testatrix who wrote on the envelope, " 'My Will, Ida Malinda Manchester.' " The California Supreme Court in refusing probate said the defect in failing to sign the will was not cured by the endorsement which showed decedent believed the enclosed document was her lawfully executed will and her belief that it was a properly executed will did not make it so. The opinion further stated there was no force in the argument that the envelope should be treated as an additional page attached to the will to give room for the signature. Likewise, we hold there is no force in the argument of appellants that the envelope in the instant case should be considered as the last page of Mrs. Miller's will.

In Succession of Fitzhugh, 170 La. 122, 127 So. 386, testatrix placed her unsigned holographic will in an envelope, sealed the envelope and then wrote thereon: " 'My last will. Mary Fitzhugh Smith. April 23rd, 1926. New Iberia.' " The Louisiana Supreme Court held the will was not signed by testatrix as required by the statute of that state. Appellants argue this Fitzhugh opinion is entitled to but little weight because the Supreme Court of Louisiana gave such a narrow construction to the statute in Succession of Beird, 145 La. 256, 82 So. 881, 6 A.L.R. 1452, where it held a will was

invalid bacause the date affixed (a requirement of the statute) was "9–8–18" instead of being "9–8–1918"; and in writing In re Poland's Estate, 137 La. 219, 68 So. 415, 416, that the signature did not "satisfy the *sacramental* requirement of the law." (Our emphasis.) While we do not think this court will ever construe our statute as strictly as the Louisiana court construed the the Louisiana statute in the Beird case, or that we will ever regard the form of executing a will to be *sacramental*, as was said in the Poland case, yet we agree with the Louisiana Supreme Court that the Legislature had the authority to prescribe the manner in which a will may be executed.

Appellants rely upon Alexander v. Johnston, 171 N.C. 468, 88 S.E. 785, 787. But we cannot see this case has any application here since the North Carolina statute does not specify a specific place where a will must be signed. The opinion says that under the North Carolina statute if the will had started "I, Julia W. Johnston, hereby make my will," no signature would have been necessary, because the will was holographic and contained testator's name written in her hand in the first line. It was further stated the North Carolina statute provides a holographic will is properly executed if the testator "insert [his name] in the paper offered for probate." Such is not the law in Kentucky.

The English authorities relied upon by appellants, in the Goods of Mann, Prob. 146, 2 All Eng. 193 and In the Estate of Bean, Prob. 83, 2 All Eng. 348, are distinguishable from the case at bar since the English statute does not require a signature "at or near the close" of the instrument as does ours. There is discussion of the English statute in 19 A.L.R.2d 935, where the Mann and Bean cases are mentioned.

Nor are Fosselman v. Elder, 98 Pa. 159, or In re Morrow's Estate (No. 1) 204 Pa. 479, 54 A. 313, controlling here. The Elder opinion does not involve the signature of testator to the will, but deals with the identification of the devisee whose name was written on the envelope containing the will; and the Morrow opinion seems to deal with the identification of testator.

This opinion already is long, but appellants raise several minor questions and appellees one, which we will briefly answer.

■ There is no merit in appellants' contention that appellees are estopped from bringing this action because Mrs. Baer indicated to the executor she and her sister, Mrs. Shannon, would not contest the probation of the will, which they did not do in the county court. The answer avers no facts sufficient to establish that Mrs. Baer was the agent of her sister, Mrs. Shannon. Then too, Mrs. Baer could certainly change her mind as to whether she would contest the probate of the will after she learned it was not duly executed. We have written that a widow who qualified as executrix under her husband's will does not estop herself from renouncing the will. Mann v. Peoples Liberty Bank & Trust Co., Ky., 256 S.W.2d 489.

■ Nor were appellees guilty of laches for not filing this action until five months after the will was probated. The executor is a lawyer and knew that an estate under KRS 395.190 should not be settled until six months after the qualification of the personal representative. Motch's Ex'x v. Motch's Ex'rs, 306 Ky. 334, 207 S.W.2d 759. Here, the major portion of the estate was devised to the executor and his wife and the delay in bringing this action did not result in the executor changing his position. Laches is more than delay, it is negligent delay which causes another to change his position to his detriment. Williams' Adm'r v. Union Bank & Trust Co., 283 Ky. 644, 143 S.W.2d 297, 131 A.L.R. 1364.

■ Appellants were not entitled to a jury trial as there was no contrariety in the facts and the question as to whether the will was properly executed was purely one of law for the court. Bramel v. Bramel,

101 Ky. 64, 39 S.W. 520, 18 Ky.Law Rep. 1074.

Admitting arguendo the trial court erred in refusing appellants' motion to introduce on the trial in the circuit court the evidence heard in the county court, patently appellants were not prejudiced as they introduced the same witnesses before the county judge that were heard by the circuit judge.

■ There is no merit in appellees' contention that as appellants failed to file a motion for a new trial the only thing we can determine on this appeal is whether the pleadings support the judgment. In this case no motion for a new trial was required to be filed. See CR 59.06 and Clay, CR page 525–7.

For the reasons given the judgment is affirmed.