HOOD, Judge.
A document purporting to be the last will and testament of Lowery Fornie Jones, deceased, was probated in the district court on March 23, 1962. In that will the testator named his brother, Claud Jones, as his universal legatee. Shortly after the will had been probated, this suit was instituted by certain nieces and nephews of the decedent against Claud Jones, seeking to annul the will on the grounds, first, that the testator was mentally incapacitated and, sec *257 ond, that the will was null and void for the reason that it had not been signed by the testator. Plaintiffs abandoned their first ground for attacking the will, so the sole issue presented in the trial court, and the only issue presented on this appeal, is whether the will is void as being fatally defective as to form, in that it was not signed by the testator.
The trial judge concluded that the will had been signed by the testator, and accordingly, that it was a valid will. Judgment was rendered in favor of defendant, rejecting the demands of plaintiffs, and plaintiffs have appealed.
The will which is being attacked in this suit was written by the testator, Lowery Fornie Jones, on one side of one sheet of ruled white notebook paper. It reads as follows :
“Feb. 18-1952
“I am writing my will, of my personal belonging and real estate
At my death my brother Claud Jones, gets my personal and real estate property,
the courthouse record shows as Larry Jones, same as
“Lowery Fornie Jones”
All parties agreed that the complete will, including the date at the beginning and the full name of the testator appearing at the end of it, was entirely written by the hand of the testator. The only question raised here is whether the testator, in writing his name at the end of this document, must be considered as having signed the will, as required by Article 1588 of the LSA-R'e-vised Civil Code.
Plaintiffs contend that an olographic will is fatally defective as to form if the testator fails to affix his signature at the end of it following the completion of all dispositions and recitations in it, that the name “Lowery Fornie Jones” appearing at the end of the will being contested here is merely a part of a recitation or provision of that will, and accordingly, that the will is void for the reason that the testator failed to sign it following the completion of all provisions of such will. Defendant, on the other hand, contends that the testator’s act in writing his name at the end of the will, centered on the page, on a separate line, and set apart by him to indicate that he was clothing it with a significance beyond a mere place in a sentence, clearly shows that he intended for it to attest to the validity of the will, and thus it constitutes a signing of the will as required by law.
The only statutory requirement in our law that an olographic will must be signed by the testator is that contained in Article 1588 of the LSA-Revised Civil Code, which provides that such a will “must be entirely written, dated and signed by the hand of the testator.”
In the case of In re Armant’s Will, 43 La.Ann. 310, 9 So. 50, the will there in conflict was held to be fatally defective as to form because of the failure of the testatrix to affix her signature at the end of the testament. In that case the only writing of the name of the testatrix was in the caption, written in French, at the beginning of the document, which read, “Testament d’Aglae Armant.” There was no signature at the end of the will, and the name of the testatrix did not appear at any other place in that document. Our Supreme Court held that the French interpretation of the law relating to olographic wills should be applied, and it concluded:
“ * * * Thus, under French jurisprudence, this will would fall for two reasons: (1) Because the writing of the name, was not intended as a signature) (2) because, whether so intended or not, the signature was not at the end of the act. * * * ” (Emphasis added).
The will at issue in In re Poland’s Estate, 137 La. 219, 68 So. 415, was found in a sealed envelope, bearing the superscription, “The Will of Ellen E. Poland, Morrow, *258 La.” The document inside that envelope began with the words, “The Will of Ellen E. Poland I made this my will and testament * * but there was no signature at the end of that instrument. Both the purported will and the superscription on the envelope in which it was found were in the handwriting of the decedent. Our Supreme Court held that the document was not a valid olographic will because it had not been signed by the testatrix. In so holding, the court said:
“An essential form for a will of the kind in question in this suit is that it be signed by the testator; and the mere writing of the name of the testator as part of, or in connection with, the instrument, but at some other place than where a signature usually is and ought to be, is not in form a signature, and therefore does not satisfy the sacramental requirement of the law. It leaves open the question whether the name thus written was intended to be the signature. * * * ”
In Succession of Dyer, 155 La. 265, 99 So. 214, the will there in question was entirely written, dated and signed by the testatrix. Under her signature, however, she wrote a postscript purporting to appoint two executors and to make bequests to them, but her signature does not appear at the end of this postscript. The Supreme Court held that although the will itself was valid, the postscript which came after the signature was invalid because it had not been signed by the testatrix. In commenting on the Armant and Poland cases, the court said:
“ * * * On the contrary, in the succession of Armant, 43 La.Ann. 310, 9 South. 50, 26 Am.St.Rep. 183, and again in Poland’s Estate, 137 La. 219, 68 South. 415, it was held that an instrument purporting to be an olo-graphic testament, written and dated by the testator, was invalid because the signature was not written at the end of the document, or so as to indicate that the name as written was intended to be a signature to the will." (Emphasis added).
In Succession of Fitzhugh, 170 La. 122, 127 So. 386, the testatrix wrote on one side of a single sheet of paper certain testamentary dispositions, and dated them, but she did not affix her signature to the dispositions. She then placed this document in an envelope, sealed it, and on the outside of the envelope she wrote the words, “ ‘My last will. Mary Fitzhugh Smith. April 23rd, 1926. New Iberia.’ ” The court held that the writing of the testatrix’ name on the envelope could not be considered as a signing of the will by her.
In Succession of Bechtel, La.App.Orl., 99 So.2d 495, two documents were presented by appellants for probate. One, purporting to be a last will and testament, began with the words, “I Ella C. Bechtel, of legal age and a resident of * * but no signature was affixed to that writing. The other document, written by the testatrix in ink on a separate piece of paper, recited that, “The enclosed is my last will. I believe I have destroyed all other wills. Should any other be found it is to be voided.” The testatrix did sign this latter instrument, The Orleans Court of Appeal held that neither of these documents were valid as olographic wills, that the first one was void for want of the testatrix’ signature, and that the second was invalid as an attempt to make a testamentary disposition by reference to another document.
Our review of the jurisprudence in this State convinces us that in order for there to be a compliance with the requirement of Article 1588 of the LSA-Civil Code that an olographic will be signed, it is necessary (1) that the testator in writing his name on the will must have intended to sign it; and (2) that the signature of the testator must appear at the end of the will, or it must have been affixed at such a place on the document and in such a manner as to indicate clearly that the name as written was intended by the testa *259 tor to be his signature to the entire or completed will.
In the instant suit the name, “Lowery Fornie Jones,” appears at the end of the will, at the place where and in the manner that a signature usually is affixed to such a document. It is true that the last sentence in the will would not be complete without including as a part of that sentence the name which appears as the last three words of the instrument. But an examination of the handwritten will shows that the date at the beginning and the name of the testator at the end were both centered on the page, indicating that they were set apart from and were intended to have some significance other than as mere parts of the provisions of the will. Also, all of the writing on that document was single spaced on the ruled paper, except that one full space intervened between the name at the end of it and the other writings which preceded that name. If the testator had intended for the name, “Lowery Fornie Jones,” to be merely a part of the last sentence of the will, it seems to us that he would not have skipped a space between that name and the rest of the writing and he would not have centered the name on the page. Actually, the location and spacing of the words on the document are such that the first name, “Lowery,” could and probably would have been continued on the same line as the four words which immediately preceded it if the testator had intended for the name to be simply a part of the provisions of the will and not a signature.
Considering all of the circumstances presented here, we conclude that the testator in writing his name at the end of the will intended to sign it. In view of his intent to sign the will, and the fact that his signature was affixed at the end of the document, at the place and in the manner that signatures are usually affixed to such writings, we conclude, as did the trial judge, that the document being contested here is valid as the olographic last will and testament of the decedent, Lowery Fornie Jones.
For the reasons herein set out, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.