698 So.2d 477 (1997)
SUCCESSION OF John H. FELLMAN.
No. 96-CA-1738.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1997.
*478 Marian Mayer Berkett, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, for Appellant.
John D. Wogan, Perry R. Staub, Stephen T. Perrien, Mary C. Hester, Monroe & Lemann, New Orleans, for Appellees.
Before BARRY, PLOTKIN and MURRAY, JJ.
*479 MURRAY, Judge.
Mary Anna Fellman Feibelman appeals a judgment wherein the trial court denied her Motion for Judgment on the Pleadings, and granted a Motion for Summary Judgment filed by the Executor of the estate of John H. Fellman and trustees of a trust created in Mr. Fellman's will. For the following reasons, we amend the judgment of the trial court, and affirm as amended.

FACTS:
Mary Anna Fellman Feibelman, the appellant, is the sister of John H. Fellman, who died testate on October 28, 1995. Appellees are Thomas Lemann, the executor of Mr. Fellman's estate and a trustee of a trust created in Mr. Fellman's will, and Bernard Lemann, another trustee.[1] Ms. Feibelman challenges Paragraph 6 of the will which created a trust. She contends that Paragraph 6 does not create a valid charitable trust, nor does it contain the elements necessary to create a private trust. She argues, therefore, that Paragraph 6 must be stricken from the will as if not written. This would result in her receiving the residue of Mr. Fellman's estate in intestacy.
John H. Fellman was never married and had no children. On November 12, 1987, he executed a will in which he left all his tangible movables to a nephew, established a trust for the children of that nephew[2], bequeathed money to be used for the benefit of the Louisiana SPCA, designated how inheritance taxes were to be paid, and bequeathed the residue of his estate as follows:
I give and bequeath the residue of my estate to Bernard Lemann, Thomas B. Lemann, and Stephen B. Lemann as trustees for the benevolent purposes pursuant to R.S. 9:2271 et seq. The trustees shall distribute the income for educational and medical purposes to needy members of the Lemann family, that is descendents of Jacob Lemann, from time to time in the discretion of the trustees. If a trustee should be unable to serve, then the remaining trustee or trustees shall select a successor trustee or trustees to act, it being my intention that there shall always be three trustees acting.
This is the paragraph that Ms. Feibelman seeks to have stricken from the will. To achieve that end, she filed a Petition for Declaratory Judgment alleging that the provision is invalid as a charitable trust, described in La. R.S. 9:2271, or a private trust under the Louisiana Trust Code, La. R.S. 9:1721, et seq. She named Thomas B. Lemann and Bernard Lemann (hereafter Trustees) as defendants.[3] The trustees answered raising three affirmative defenses: 1) the trust created by Paragraph 6 is valid under La. R.S. 9:2271; 2) the trust can be reformed under the cy pres doctrine into a valid charitable trust; and, 3) the trust is valid under the provisions of the Louisiana Trust Code. Ms. Feibelman filed a Motion for Judgment on the Pleadings, and the Trustees filed a Motion for Summary Judgment.
Hearing on both motions was held on May 24, 1996. The trial court rendered judgment denying Ms. Feibelman's motion, and granting the Trustees' summary judgment in favor of Trustees. In its written reasons the court found that Mr. Fellman clearly intended to create a trust to benefit the descendents of Jacob Lemann. It found that a charitable trust was not created, despite the reference to La. R.S. 9:2271, because charitable trusts can be established only to benefit institutions with educational, charitable or literary purposes. However, the trial court found that Paragraph 6 of the will created a valid private trust, pursuant to the Louisiana Trust Code, that benefitted the descendents of Jacob Lemann born or in utero at the time of Mr. Fellman's death.

DISCUSSION:
Ms. Feibelman assigns four errors by the trial court: its failure to grant her a judgment *480 on the pleadings after finding that the will did not create a valid charitable trust; its finding that the testator intended to create a private trust; its creation of a private trust that is invalid under the Louisiana Trust Code; and its failure to recognize her as Mr. Fellman's intestate heir and the recipient of the residue of the estate or the principal beneficiary of the trust.
The first two assignments of error are closely related. Ms. Feibelman argues that the trial court's finding that a valid charitable trust was not established by the will was an acknowledgement that Paragraph 6 is an impossible condition. She contends, therefore, that the court should have applied La. Civ. Code art. 1519, and treated Paragraph 6 of the will as if it had never been written. She contends that the court ignored article 1519, and rewrote the paragraph to give it validity. Ms. Feibelman also argues that the court ignored the provisions of La. Civ.Code art. 1573, which abolishes the custom of providing for a third party to make testamentary dispositions, and art. 1712, which provides that the intent of the testator should be ascertained without departing from the "proper signification of the terms of the testament." Ms. Feibelman asserts that the specific reference to La. R.S. 9:2271 in Paragraph 6 is evidence that Mr. Fellman's intent was to create a charitable trust only.
The factual findings of the trial court, in will contest cases, are afforded great weight and will not be upset on appeal absent manifest error. Succession of Armstrong, 93-2385 (La.App. 4th Cir. 04/28/94), 636 So.2d 1109, 1111, writ denied, 94-1370 (La.09/16/94), 642 So.2d 196. The trial court herein found that it was Mr. Fellman's intent to bequeath the residue of his estate in the form of a private trust to the descendants of Jacob Lemann. We cannot say that this factual finding is manifestly erroneous. Nor can we agree with Ms. Feibelman's contention that art. 1519 requires that all of paragraph 6 be stricken from the will because of the invalidity of the charitable trust. We find that a more accurate reading of the article requires only that the "impossible condition," the portion of the paragraph creating the trust "pursuant to R.S. 9:2271," et seq., be stricken. If we were to accept Ms. Feibelman's interpretation of Article 1519, we would have to ignore a positive statement of donative intent that should be understood in the sense that it has effect as required by La. Civ.Code arts. 1712 and 1713. Contrary to Ms. Feibelman's assertion, the trial court did not read into the will a trust of its own making. Instead, it ascertained and honored Mr. Fellman's intent, an intent that did not include leaving anything to his sister.
Ms. Feibelman also argues that the trial court erred in deleting the word "needy" from the testament, and in finding the beneficiaries to be "the Jacob Lemann descendants born or in utero at the time of John Fellman's death." The fact that the court did not quote verbatim from Paragraph 6 in its judgment does not destroy Mr. Fellman's intent. The judgment merely establishes that a private trust was created for the descendants of Jacob Lemann; the will itself establishes further that the Jacob Lemann descendants who are entitled to receive the benefits are those in need of medical or educational assistance, as determined by the trustees. We, therefore, find no merit in this argument.
In support of her third assignment of error, Ms. Feibelman contends that the court erred in creating a private trust because the essential elements for a private trust do not exist: there are no beneficiaries designated whose identity is objectively ascertainable solely from standards set in the trust instrument as required by La. R.S. 9:1802. We disagree.
Louisiana Revised Statute 9:1802 requires that a beneficiary be designated in the instrument. The designation is sufficient if the identity of the beneficiary can be ascertained objectively, solely from standards stated in the instrument. Ms. Feibelman would have us ignore the forest for the trees. Her argument places too much emphasis on a single word in the will"needy." It is apparent that Mr. Fellman intended the beneficiaries of the trust to be descendants of Jacob Lemann. As the Trustees note in brief, "all the people in the world are either descendants of Jacob Lemann or not descendants *481 of Jacob Lemann." Only those who are descendants are beneficiaries of the trust.
Ms. Feibelman also argues that La. Civ.Code art. 1573 prohibits a testator from granting power to his executor to make testamentary dispositions. However, La. R.S. 9:1961 allows a settlor to "limit the interest of a beneficiary of income to a portion of income determinable under an objective standard established in the trust instrument." Additionally, La. R.S. 9:1963 provides that "a settlor may stipulate when the income allocable to a designated beneficiary shall be distributed to him, or he may stipulate that the trustee has the discretion to determine the time or frequency of distribution...." That is what Mr. Fellman did in Paragraph 6 when he instructed the trustees to distribute the income to descendants of Jacob Lemann if and when they need assistance with educational or medical expenses. The provisions of Paragraph 6, rather than allowing the Trustees to select beneficiaries, instruct the Trustees to decide which of the beneficiaries are in need of medical or educational expenses at any given time.
Ms. Feibelman argues that the phrase "in need of medical or education expenses" does not provide the Trustees with any objective standards by which to distribute the income, as required by La. R.S. 9:1961. Superficially, this argument has merit. However, La. R.S. 9:2068, found in the section of the Trust Code entitled "Duties and Powers of Trustee," states in pertinent part:
The trust instrument may direct or permit a trustee to pay accumulated income or principal from the trust property to an income beneficiary for support, maintenance, education, or medical expenses, or pursuant to an objective standard, for any other purpose.
Comment (a) of the 1989 Comments explains that subsection (A) was modified "to make it clear that invasion can be allowed for an income beneficiary for any purpose under objective standards. Support, maintenance, education, and medical expenses are purposes that provide in themselves objective standards." Thus, the Legislature has determined that education and medical expenses are objective standards.
It is also this Court's opinion that Mr. Fellman's explicit requirement that three trustees be in office at all times was designed to ensure that income would be distributed in an objective manner.
Ms. Feibelman contends that no beneficiaries were shown to exist at the time of her brother's death. Once again, Ms. Feibelman places undue emphasis on the single word "needy." As discussed above, we find that Mr. Fellman intended to create a trust for the descendants of Jacob Lemann. Affidavits attached to the Trustee's Motion for Summary Judgment affirm that descendants of Jacob Lemann existed at the time of testator's death. Further, at least five of the affiants state that there are descendants currently in need of medical and/or educational financial assistance.
Ms. Feibelman argues that a forbidden class is described in Paragraph 6 of the will. She states that it is not clear from the last sentence of the court's reasons for judgment whether the court was proposing a limited class. The Trust Code provides that a settlor may create a trust in favor of a class consisting of his children, grandchildren, nieces, nephews, grandnieces, grandnephews, or any combination thereof. La. R.S. 9:1891. Some of the persons designated as beneficiaries in Paragraph 6 of the will are members of a limited class because of their relation to Mr. Fellman. However, other descendants of Jacob Lemann are not. We do not find that the court proposed a limited class trust, but instead found that Mr. Fellman intended to establish a private trust with multiple beneficiaries. See La. R.S. 9:1805 and 9:1806.
Last, Ms. Feibelman argues that the court failed to recognize her either as Mr. Fellman's intestate heir, entitled to the residue of his estate, or as the principal beneficiary of any private trust the court might create. Because we affirm the judgment of the trial court creating a private trust, we need not address the first part of this argument. As to the second part, because no *482 principal beneficiary was named in Paragraph 6 of the will, the principal and all accumulated or undistributed income remaining in trust shall devolve in intestacy to Ms. Feibelman or her heirs upon the death of the last descendant of Jacob Lemann born or in utero at the time of Mr. Fellman's death.
Accordingly, we amend the judgment of the trial court to name Ms. Feibelman as the principal beneficiary of the trust, and affirm as amended.
AFFIRMED AS AMENDED.
NOTES
[1] A third trustee named in the will, Stephen Lemann, predeceased the decedent. Under the provisions of the will, Thomas Lemann and Bernard Lemann selected Jacob Lemann, II, to replace Stephen as the third trustee. Jacob Lemann, II, is not a party to this lawsuit.
[2] This nephew is Ms. Feibelman's son.
[3] The trustees responded with an Exception of Nonjoinder of an Indispensable Party and, in the Alternative, Dilatory Exception of Nonjoinder of Necessary Party. The exceptions were denied by the court.