636 So.2d 1109 (1994)
SUCCESSION of Henry W. ARMSTRONG.
No. 93-CA-2385.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1994.
*1110 Endesha Juakali, New Orleans, for appellees.
Emile J. Ramirez, Metairie, for appellant.
Before JONES, WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
Appellant Dr. Martin Miller appeals the dismissal of his opposition to probate the last will and testament of Henry W. Armstrong.
On June 23, 1992, Henry W. Armstrong executed a last will and testament before a notary and three witnesses. Henry Scie was named executor without bond and with full seizin. The testator died on October 24, 1992.
Alleging that the decedent did not possess the physical and mental capacity to execute a will, and that the document did not conform to the requirements of a statutory will as set forth in La.Rev.Stat.Ann. § 9:2442 (West 1991), Dr. Martin Miller, the decedent's first cousin, filed an injunction[1] and an opposition to the probate of the testament. He specifically alleged that the will was not properly dated and that the testator's initials on page one of the document did not constitute a signature.
At the probate hearing, Alvin N. Taylor, notary, and two of the witnesses, Barbara Charles and Arona Walker testified that they were present at the document's execution; and that Mr. Armstrong initialed page one and signed page two and the attestation clause on page three. Mr. Armstrong declared the document to be his last will and testament and each of them signed in the presence of each other.
Following the hearing, the trial court rendered judgment dismissing appellant's opposition.
In his only assignment of error, the appellant contends that the trial court erred in declaring the testament of Henry W. Armstrong valid as a statutory will. La.Rev.Stat. Ann. § 9:2442 (West 1991)
Section 2442(B) provides that:
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or *1111 signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this ___ day of ____, 19__."
The attestation clause in Mr. Armstrong's last will and testament reads as follows:
SIGNED, SEALED, PUBLISHED AND DECLARED by the above Testrix, as and for his Last Will and Testament, in our presence, and we, at his request and in his presence, and in the presence of each other have his, unto signed our names as witnesses in his presence adding opposite our signatures and our respective places of residence, all this ____ day of July, 1992.
 /s/ Henry W. Armstrong Henry Armstrong
WITNESSES
/s/ Barbara Charles NAME
/s/ 1015 Van Trump St, Gretna, La. ADDRESS
/s/ Arona T. Walker NAME
/s/ 1032 Constantinople ADDRESS
/s/ Deborah Woodruff ADDRESS
/s/ 1741 Independence St. ADDRESS
Sworn to and subscribed before me this 23rd day of July, 1992.
/s/ Alvin N. Taylor NOTARY PUBLIC
/s/H.W.A.
Appellant cites Succession of Melancon, 330 So.2d 679 (La.App. 3d Cir.1976), Succession of Michie, 183 So.2d 436 (La.App. 2d Cir.), writ refused 249 La. 118, 185 So.2d 529 (La.1966) and Howard v. Gunter, 215 So.2d 222 (La.App. 3d Cir.1968) for the proposition that the formal requirements as set forth in § 2442 are mandatory and essential to the validity of a will.
In Succession of Melancon, the appellant sought to declare the will invalid where the testator had by hand made lineations and notations revoking certain legacies. The Third Circuit held that the will as written was a valid statutory will as set forth under § 2442, however, the attempted revocations by Dr. Melancon were without effect for want of a valid revocation.
The issue of whether or not language located at the end of the testaments would suffice as attestation clauses where the language was not substantially similar or in compliance with the form set forth in § 2442 was addressed in the Succession of Michie and Howard v. Gunter. In Succession of Michie, the Second Circuit held the language found at the end of the decedent's testament was not substantially similar to § 2442, therefore, the will was invalid. In Howard, the attestation clause lacked a recitation that the notary, testator and witnesses signed in the presence of each other, and therefore, the will was invalid.
Under Louisiana law, there is a presumption in favor of the validity of testaments in general and proof of the nonobservance of formalities must be exceptionally compelling to rebut that presumption. Absent a finding of manifest error, in will contest cases, the factual findings of the trial court are accorded great weight and will not be disturbed on appeal. Succession of Daigle, 601 So.2d 10, 12-13 (La.App. 3d Cir. 1992).
Although the decedent placed only his initials on the bottom of page one as opposed to a more formal signature, his initials suffice for his signature. See Succession of Butler, 152 So.2d 239 (La.App. 4th Cir.), writ refused 244 La. 668, 153 So.2d 882 (La.1963). There is little formality required for signatures which come in all shapes and sizes and often are illegible. Furthermore, a person may use more than one form of signature.
What is essential with respect to statutory wills is that the testator sign in his own hand what he alleges to be his signature at the end of the will and on each page thereof. When done in the presence of a notary public and two witnesses, who testify to that effect, *1112 there can be no doubt that the testator "signed" as required by statute.
The failure to date the attestation clause is a serious defect and would normally invalidate a will. Here, however, the date was placed at the end of the disposition portion and again at the end of the attestation portion below the witnesses signatures and immediately above the notary's signature.
While the form is irregular, it meets the essential requirements of a statutory will. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The injunction was filed against Henry Scie, Louise Scie Alvarez, and Rosetta Williams alleging that they had assumed control of the assets of the deceased.