| | | |
|---|---|---|
| SUCCESSION OF CLARENCE SPAIN | * | NO. 2021-CA-0736 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11727, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Pro Tempore Judge Madeline Jasmine**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Edwin A. Lombard, Pro Tempore Judge Madeline Jasmine)


James S. Rees, IV
Richard D. Roniger, II
Graham J. Rees
Robert P. Charbonnet, Jr.
CHARBONNET LAW FIRM, L.L.C.
3750 S. Claiborne Ave
New Orleans, LA 70125


COUNSEL FOR APPELLEE/CLYDE SPAIN


Clarence Roby, Jr.
LAW OFFICES OF CLARENCE ROBY, JR., APLC
3701 Canal Street, Suite U
New Orleans, LA 70119


COUNSEL FOR APPELLANT/ JOAN WRIGHT


**REVERSED AND REMANDED**
**JUNE 29, 2022**

*MJ*

*TFL*

*EAL*

In this succession case, appellant Joan Wright ("Ms. Wright") seeks appellate review of the trial court's judgment granting appellee Clyde Spain's petition to annul the will of Clarence Spain for lack of conformity with La. C.C. art. 1577, where the testator's initials appear on the first page of the two-page notarial will rather than a formal signature. We find the testator's initials on the first page of his notarial will substantially complies with the requirements of La. C.C. art. 1577. Therefore, the trial court's judgment granting Clyde Spain's petition to annul the will is reversed, and the matter is remanded for further proceedings in line with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 14, 2011, Clarence Spain executed a will that named his sister, Ms. Wright, the executrix of his estate. In his April 2011 will, Clarence Spain stated that he only had a daughter, Clarencia Spain, and no other children.

Years later, on November 2, 2017, Clarence Spain revoked his April 2011 will and executed a new will. The November 2017 will, again, appointed Ms. Wright the executrix of Clarence Spain's estate, and the only child acknowledged in the November 2017 will was Clarencia Spain.

Clarence Spain died on July 30, 2019. Ms. Wright filed a petition for probate of statutory testament in November 2019. In December 2019, the Court issued an order recognizing Ms. Wright as the sole heir of decedent Clarence Spain and ordered the issuance of letters testamentary. A judgment of possession was also filed, but was denied the same day.[1] The judgment of possession erroneously attempted to place Ms. Wright into possession of an interest in a portion of the estate of Clarence Spain's late wife, Mary Spain. In that the estate of Mary Spain had not been probated at the time, the trial court denied the judgment of possession. The trial court took the proposed amendment under advisement.

During the pendency of review, in February 2021, Clyde Spain filed a petition to annul order probating will and to remove succession representative. Clyde Spain alleged that he was the biological child of the decedent, Clarence Spain. In support of his petition, Clyde Spain attached a copy of his birth certificate, which named Clarence Spain as the father, and Mildred Williams as the

---

[1] The judgment of possession was denied because it erroneously attempted to place Ms. Wright in possession of an interest in a portion of the estate of Clarence Spain's late wife, Mary Spain.

mother. The petition to annul challenged the validity of the 2017 will Clarence Spain executed based on Clarence Spain's failure to sign his name on the first page of the two-page will. The 2017 will demonstrates that instead of affixing a formal signature, Clarence Spain signed his initials, in cursive. Clyde Spain argued that the failure to formally sign the will on the first page made the will an absolute nullity because it does not substantially comply with the statutory requirements of La. C.C. art. 1577.

After the August 2021 hearing on the petition to annul, the trial court found the will to be invalid. In accordance with its finding, the trial court's September 2021 judgment granted the petition to annul; however, it denied Clyde Spain's request to remove Ms. Wright as the executrix of decedent's succession.

Ms. Wright timely filed the instant appeal, seeking reversal of the trial court's judgment, which ruled the November 2017 notarial will null.

## STANDARD OF REVIEW

In *Succession of McKlinski*, this Court explained that "'[a]bsent a finding of manifest error, in will contest cases, the factual findings of the trial court are accorded great weight and will not be disturbed on appeal.'" *Id.*, 21-0369, p. 3 (La. App. 4 Cir. 11/10/21), 331 So.3d 414, 416, *writ denied*, 21-01818 (La. 2/8/22); 332 So.3d 642 (quoting *In re Succession of Caillouet*, 05-0957, p. 4 (La. App. 4 Cir. 6/14/06), 935 So.2d 713, 715). An appellate court will not reverse the factual findings of the trial court, unless based on the record as a whole, there is no reasonable factual basis for the trial court's conclusion and the finding is clearly

3

wrong. *Id.* (citing *In re Succession of Horrell*, 11-1574, p. 5 (La. App. 4 Cir. 4/11/12), 102 So.3d 139, 142).

## DISCUSSION

The sole issue presented on appeal is whether the November 2017 will is invalid due to deviations from the form requirements for a notarial will under La. C.C. art. 1577.

The statute provides:

The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:

(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this _____ day of _____, ____."

La. C.C. art. 1577.

La. C.C. art. 1573 states, "[t]he formalities prescribed for the execution of a testament must be observed or the testament is absolutely null."

Clyde Spain avers that the November 2017 will is invalid because it fails to conform to La. C.C. art. 1577(1), in that Clarence Spain did not sign the first page of the two-page testament. Instead, Clarence Spain affixed, in cursive, his initials to the first page of the will. Clyde Spain argues, in essence, that La. C.C. art. 1577 is to be strictly construed.

4

In support, Clyde Spain cites to *Succession of Toney*, 16-1534 (La. 5/3/17), 226 So.3d 397. In *Toney*, the testator's uncle filed a petition to annul the notarial will for lack of conformity with the requirements of La. C.C. art. 1577. The first two pages of the will in *Toney* were initialed rather than signed. It lacked an attestation clause that met the requirements of La.C.C. art. 1577(2) as well as any attestation by the notary beyond the general notarization. *Id.*, 16-1534, p. 1, 226 So.3d at 398-99. The Supreme Court held that arguably the deviations on their own may be inconsequential; however, taken in the aggregate, the will was a substantial deviation from the form requirements of La. C.C. art. 1577. In finding that none of the requirements of La. C.C. art. 1577 were fully met, the Supreme Court explained the following as it related to the testator's initials appearing on the first two pages of the testament rather than the testator's signature:

> In this case, the first two pages of the will are not signed, but are only initialed "R.T." Further, the initials are in print rather than cursive writing. Although signatures come in a variety of forms, and although a few appellate courts have upheld wills where some pages were initialed rather than signed, we note that La.[C.C.] art. 1557(1) unambiguously requires the testator to "sign his name at the end of the testament and on each other separate page," and merely initialing undoubtedly falls short of this requirement. Particularly where, as here, the initials are written in easily imitable print rather than cursive, we are hesitant to find that this deviation from the codal requirement is merely minor or technical. Although fraud was not alleged at the trial court level, signing one's name on each page of the will undoubtedly offers more heightened protection from surreptitious replacement of pages than mere initialing, particularly when the initialing is in print rather than cursive as is found here.

*Toney*, 16-1534, p. 9-10, 226 So.3d at 404-05.

While there was no dispute as to the testator's intent in *Toney*, the Supreme Court nevertheless held that, collectively, the deviations constituted a substantial deviation from the requirements of La. C.C. art. 1577. Since *Toney*, the Supreme

Court has reexamined under what circumstances a will may be considered a substantial deviation from the required form that it is deemed absolutely null.

In *Succession of Liner*, 19-02011, p. 1 (La. 6/30/21), 320 So.3d 1133, 1135, the testator executed two notarial wills, one in 2013 and one in 2015. The 2013 will was executed pursuant to La. C.C. art. 1577, while the 2015 will was executed pursuant to La. C.C. art. 1579.[2] The 2015 will contained the testator's signature on each separate page and at the end of the document but "only stated that it was 'signed' in the presence of the notary and witnesses." *Id.*, 19-02011, p.2, 320 So.3d at 1135. Two of the heirs petitioned to probate the 2015 will while another heir sought to have the 2015 will declared a nullity for failure to include the proper attestation clause. *Id.*, 19-02011, p. 1, 320 So.3d at 1135.

The trial court determined that the 2015 will was invalid because the attestation clause was not "substantially similar to those set forth in La. C.C. art. 1579(2)." *Id.*, 19-02011, p. 2, 320 So.3d at 1135. The appellate court reversed and concluded that:

> despite the omission of the language 'at the end' and 'on each other separate page,' the attestation clause does not fail because Mr. Liner's signature actually appears on the bottom of each of the eight pages of the 2015 testament and where the notary and witnesses attested to Mr. Liner signing in their presence.

*Id.*, 19-02011, p. 2, 320 So.3d at 1135-36 (quoting *Succession of Liner*, 53,138, p. 8-9 (La. App. 2 Cir. 11/20/19), 285 So.3d 63, 67-68). The Supreme Court initially reversed the appellate court and reinstated the trial court's ruling nullifying the 2015 will. The Supreme Court granted rehearing "to consider the direction of our

---

[2] La. C.C. art. 1579 sets forth the requirements for execution of a will when the testator is unable to read or is physically impaired to the extent that he cannot read, whether or not he is able to sign his name.

6

jurisprudence on the interpretative standard applied to notarial wills." *Id.*, 19-02011, p. 1, 320 So.3d at 1133.

On rehearing, the Supreme Court determined that the 2015 will was in substantial compliance with La. C.C. art. 1579(2). *Id.*, 19-020211, p. 8, 320 So.3d at 1139. The Court vacated its original decision and held that "[t]o the extent *Toney* stands for the proposition that an aggregate of slight deviations constitute a material deviation regardless of their cumulative effect on the risk of fraud, it is overruled." *Id.*, 19-02011, p. 6, 320 So.3d at 1138. As noted above, the Supreme Court's decision was promulgated by the desire to clarify the framework courts are to apply to determine whether the form of a notarial will deviates substantially from the requirements of La. C.C. art. 1577. *Liner* stated the following:

> Courts must determine if a notarial will, with all formalities and evidence taken into consideration, reflects the testator was sufficiently protected against the risk of fraud. This involves a contextual analysis of the protective function of a will's formalities in light of the document itself. . . . If the court's analysis reveals an increased likelihood that fraud may have been perpetrated, the deviations are material and cause to nullify the will exists. If not, the deviations are slight and should be disregarded. . . . Mere allegations of fraud are not outcome determinative.

*Id.*, 19-02011, p. 6-7, 320 So.3d at 1138 (internal citations omitted).

Notably, the issue presented in *Liner* is distinguishable from the present case. *Liner* addressed the very narrow issue of "whether the attestation clause...is substantially similar to the...requirement that the attestation clause verify a testator declared he signed his name 'at the end' and 'on each other separate page' of the testament." *Id.*, 19-02011, p. 3, 320 So.3d at 1136. Nevertheless, we mention *Liner* because it expressly overruled *Toney*, which Clyde Spain cites in support of finding the will invalid.

Unlike *Liner*, the issue presented here is not whether the attestation clause is a material deviation from the form requirements, but rather, whether the testator's initials on the first page of the will constitutes a substantial deviation from the form requirements that a court must find the will absolutely null. We addressed the issue presented here most recently in *McKlinski*, a case decided after *Liner*.

In *McKlinski*, the decedent executed a three-page notarial will leaving her estate to her three children. The decedent divided her estate among her three children, apportioning 40% to each of her two daughters and 20% to her son. *McKlinski*, 21-0369, p. 1, 331 So.3d at 415. The decedent's son filed a petition to annul the will claiming that it was invalid because it did not comply with La. C.C. art. 1577. *Id.*, 21-0369, p. 2, 331 So.3d at 416. He argued that the decedent affixed her initials and her full signature on the second and third page of the will, but on the first page, she only signed her initials and not her full name. *Id.* Like this case, the decedent's son relied on *Toney* to argue that failure to sign her full name on the first page of the will invalidates it for lack of form. *Id.*, 21-0369, p. 5, 331 So.3d at 417. The executrix of decedent's estate claimed the son's reliance on *Toney* was misplaced. *Id.*, 21-0369, p. 6, 331 So.3d at 418. She argued that *Liner* overruled *Toney* and supported her position that the decedent's initials on the first page was a slight deviation in form that, alone, did not invalidate the will. *Id.*

This Court recognized that *Liner* expressly overruled *Toney* and disagreed with the son's assertion that *Liner* applies only to attestation clauses and not the signature requirements of La. C.C. art. 1577. Nevertheless, this Court distinguished *Liner* and explained:

> [t]he issue in the case *sub judice* is not the signature surrounding the attestation clause, as in *Liner*, but rather signed initials constituting substantial compliance with the formal requirements of the testator

8

signature appearing on each separate page of the will pursuant to La. C.C. art. 1577.

*Id.*, 21-0369, p. 9, 331 So.3d at 420, *writ denied*, 21-01818 (La. 2/8/22); 332 So.3d 642. We determined that the situation presented in *McKlinski* was analogous to the one before us in *Succession of Armstrong*, 93-2385 (La. App. 4 Cir. 4/28/94), 636 So.2d 1109. Based on *Armstrong*, this Court found the testator's will was in substantial compliance with La. C.C. art. 1577 and reversed the trial court's ruling that granted the son's petition to annul his mother's will. *Id.*, 21-0369, p. 10, 331 So.3d at 420.

In *Armstrong*, we upheld the validity of a will where the testator placed only his initials at the bottom of the first page as opposed to a more formal signature. This Court reasoned, "[t]here is little formality required for signatures which come in all shapes and sizes and often are illegible. Furthermore, a person may use more than one form of signature." *Id.*, 93-2385, p. --, 636 So.2d at 1111. Therefore, this Court found that the testator's initials sufficed for his signature. *Id.*

Clyde Spain asserts that the November 2017 will is a nullity for failure to comply with La. C.C. art. 1577(1). *Armstrong* and *McKlinski*, however, support Ms. Wright's assertion that Clarence Spain's initials on the first page of the November 2017 will, rather than a formal signature, does not constitute a material deviation from the form requirements of La. C.C. art. 1577. The record reflects that Clarence Spain initialed the first page of the two-page will and signed his full name at the end of the will, below the attestation clause.

"In accordance with legislative intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute." *Liner*, 19-02011, p. 4, 320 So.3d at 1137

9

(quoting *Succession of Guezuraga*, 512 So.2d 366, 368 (La. 1987)); *McKlinski*, 21-0369, p. 10, 331 So.3d at 420.

We find Clyde Spain has failed to establish that the will is an absolute nullity because it substantially deviates from the requirements of La. C.C. art. 1577. Clarence Spain initialed the first page of the two-page will and affixed his formal signature at the end of the will, below the attestation clause. Accordingly, we find Clarence Spain's initials on the first page of his notarial will substantially complies with the requirements of La. C.C. art. 1577.

### *DECREE*

Based on the foregoing, the two-page will substantially complies with La. C.C. art. 1577 where Clarence Spain's initials appear on the first page rather than a formal signature, and his formal signature appears on the second page below the attestation clause. We therefore find the trial court erred in granting Clyde Spain's petition to annul the November 2017 will. For these reasons, we reverse the trial court's ruling and remand the matter for further proceedings in line with this Court's opinion.

**REVERSED AND REMANDED**